PHILLIPS & COLBY CONST. CO. (SEYMOUR v.). See Case No. 12,689.

PHILLIPS COUNTY (BORO v.). See Case No. 1,663.

PHILPOT (GRUNNINGER v.). See Cases Nos. 5,852 and 5,853.

## Case No. 11,110.

### The PHOEBE v. DIGNUM.

[1 Wash. C. C. 48.] [1]

Circuit Court, D. Pennsylvania. April Term, 1803.

SEAMEN—WAGES — FORFEITURE — ENTRY IN LOG BOOK—WHEN TO BE MADE.

To entitle the owner of a vessel to the forfeiture of the wages of a seaman, absenting himself from the vessel more than forty-eight hours, the entry of the absence of the seaman must be made on the log book. on the day on which the seaman so absented himself.

[Cited in Douglass v. Eyre. Case No. 4,032; Knagg v. Goldsmith. Id. 7,872; The Martha, Id. 9,144; The Sarah Jane, Id. 12,348; The Quintero, Id. 11,517.]

[Appeal from the district court of the United States for the district of Pennsylvania.]

This was an appeal from a sentence of the district court, decreeing to the appellee his wages as a seaman on board said schooner, on a voyage from Philadelphia to Jamaica, and back. The answer of the owners and captain admitted. that the libellant had entered as a mariner for that voyage; but insisted that he had. whilst at Jamaica, absented himself from the vessel, without the consent and against the will of the captain, for four days, which, under the act of congress, amounted to a forfeiture of his wages up to the time of such absence. The sentence of the district court was given upon the libel and answer. [Case unreported.]

BY THE COURT. Absence for more than forty-eight hours from the vessel, without leave of the master or officer commanding on board. is a forfeiture of all the wages due to that time; provided the officer having charge of the log book. shall make an entry therein of the name of such seaman. on the day on which he shall so absent himself. The reason of this is obvious; if no such entry be made, it repels any presumption that such

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

consent took place. or that the forfeiture was intended to be waived. If no such entry be made, it is to be presumed that the absence was not injurious, and was not objected to. As it does not appear in this case any such entry was made, the appellee is entitled to his wages, and therefore, let the sentence be affirmed, with costs.